**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted December 22, 2025[*]
Decided December 22, 2025

**Before**

MICHAEL B. BRENNAN, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 25-2077

| | |
|---|---|
| CEDRIC E. BRADLEY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| v. | No. 3:25-cv-00024-RLY-CSW |
| MATTHEW KEPPLER, et al., *Defendants-Appellees*. | Richard L. Young, *Judge*. |

**O R D E R**

Cedric Bradley sued several entities and officials in Indiana, alleging violations of his constitutional rights in connection with several child-support cases and his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 25-2077                                                                                              Page  2

required registration as a sex offender. 42 U.S.C. § 1983. The district court dismissed Bradley's claims at screening. *See* 28 U.S.C. § 1915(e)(2)(B). We affirm the judgment.

We accept the factual allegations in the complaint as true and recount them in the light most favorable to Bradley. *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024). Bradley alleged that Deputy Prosecuting Attorney Matthew Keppler "engaged in unlawful conduct" while serving as a "prosecutor, caseworker, or enforcement officer within a child support enforcement division in Indiana." Without identifying a specific child-support case, Bradley said that Keppler withheld and misrepresented evidence, manipulated dockets to "prevent timely resolution," delayed action to "inflate child support arrears," and caused "unlawful incarceration or probation based on fraud."

Bradley also alleged that an amendment to Indiana's Sex Offender Registration Act newly required him to register as a sex offender. Although Bradley did not identify the specific amendment, he argued that the change to the Act retroactively imposed on him a new punishment—the obligation to register as a sex offender—that did not exist at the time he was convicted of past sex offenses.

A review of publicly available records shows that Keppler was involved in two state-court proceedings in 2008 that established Bradley's obligations to pay child support. *In re Paternity of Markel Labrador*, No. 82D01-0805-JP-00201 (Sup. Ct. Vanderburgh Cnty. July 28, 2008); *In re Paternity of Keavont Labrador*, No. 82D01-0805-JP-00200 (Sup. Ct. Vanderburgh Cnty. May 27, 2008). Keppler then served as a prosecutor in a 2014 case charging Bradley with failure to pay child support. *Indiana v. Bradley*, No. 82D02-1405-FC-00719 (Sup. Ct. Vanderburgh Cnty. Mar. 30, 2014); *see* IND. CODE § 35-46-1-5. Separately, Bradley, who was convicted of attempted rape and criminal deviate conduct in 1998, *see Indiana v. Bradley*, No. 82C01-9702-CF-00152 (Sup. Ct. Vanderburgh Cnty. Mar. 5, 1998), was convicted of a felony for failing to register as a sex offender in Indiana in 2006, *Indiana v. Bradley*, No. 82C01-0606-FD-00611 (Cir. Ct. Vanderburgh Cnty. Oct. 4, 2006); *see* IND. CODE § 11-8-8-17(a)(1). Bradley was charged with failure to register as a sex offender again in 2025. *Indiana v. Bradley*, No. 82D03-2504-F5-002630 (Sup. Ct. Vanderburgh Cnty. filed Apr. 21, 2025).

Bradley sued Keppler and other defendants for violating his constitutional rights. *See* 42 U.S.C. § 1983. As relevant here, Bradley asserted that Keppler's conduct amounted to malicious prosecution and had violated Bradley's rights to due process and equal protection. Bradley also argued that his rights under the Ex Post Facto Clause were violated by the amendment to Indiana's Sex Offender Registration Act.

No. 25-2077                                                                                                              Page 3

    The district court permitted Bradley to amend his complaint twice and dismissed the second amended complaint at screening. *See* 28 U.S.C. § 1915(e)(2)(B). The district court dismissed Bradley's claims against Keppler because the complaint did not plead sufficient facts to give Keppler notice of the bases for those claims. The district court also dismissed Bradley's claim under the Ex Post Facto Clause because Indiana's sex-offender registration statute is not punitive. *See Hope v. Comm'r of Ind. Dep't of Corr.*, 9 F.4th 513, 530–34 (7th Cir. 2021). Bradley appeals.

    We first address Bradley's pending motion to take notice of "supplemental filing and preservation of claims." He asks us to take notice of his filings in the district court and a new lawsuit he filed in Indiana state court, "incorporating all relevant evidence, exhibits, and filings previously submitted in the federal action." We grant his motion to the extent that we will consider all the facts in the record and the legal arguments presented in the briefs Bradley submitted to this court.

    Now, to the merits. Although Bradley's brief fails to engage with the district court's analysis and is riddled with unexplained documents, we discern two general arguments: The district court erred in dismissing his § 1983 claims against Keppler and his claim under the Ex Post Facto Clause. We review de novo dismissals under § 1915(e)(2)(B). *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

    Bradley argues that his allegations against Keppler were sufficient to state a claim that Keppler violated his rights to due process and equal protection. We first note that Keppler has absolute immunity for core prosecutorial functions, such as initiating and pursuing criminal prosecutions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016). To the extent that Bradley challenges Keppler's actions for which Keppler does not have absolute immunity, like investigations, *see Bianchi*, 818 F.3d at 318, we agree with the district court that Bradley's allegations are too vague to provide Keppler "fair notice of what the claim is and the grounds upon which it rests." *Orr v. Shicker*, 147 F.4th 734, 740–41 (7th Cir. 2025) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Bradley alleges that Keppler manipulated "dockets to prevent timely resolution" and delayed "action to inflate child support arrears," among other things. But beyond stating that a child-support prosecution occurred in 2014, Bradley does not allege which dockets Keppler manipulated, how he manipulated them, which proceedings were delayed, or how Keppler improperly caused Bradley's child-support obligations to increase. Bradley's

No. 25-2077 Page 4

allegations do not "present a story that holds together." *See id.* at 741 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

Bradley's challenge to Indiana's Sex Offender Registration Act fares no better. As the district court correctly noted, we concluded in *Hope* that the Act does not violate the Ex Post Facto Clause because it is not punitive. *Hope*, 9 F.4th at 530. The restrictions imposed by the Act are neither traditionally punishments nor "sufficiently severe" and are appropriately tailored to serve the permissible goal of protecting children. *See id.* at 531–34. Bradley emphasizes that forcing him to register as a sex offender imposes social stigma akin to punishment. But we considered and rejected that argument in *Hope*, concluding that the stigma from "accurate information about a criminal record" is not a punishment within the meaning of the Ex Post Facto Clause. *Id.* at 531. Moreover, even though Bradley was convicted of a felony for failing to register, a "criminal prosecution for failure to comply with reporting requirements" is a "consequence distinct from the plaintiffs' original offenses" and not additional punishment. *Id.* at 532.

AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

December 22, 2025

Before
MICHAEL B. BRENNAN, *Chief Judge*
MICHAEL Y. SCUDDER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

| No. 25-2077 | CEDRIC E. BRADLEY,<br>　　　　Plaintiff - Appellant<br><br>v.<br><br>MATTHEW KEPPLER, et al.,<br>　　　　Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 3:25-cv-00024-RLY-CSW<br>Southern District of Indiana, Evansville Division<br>District Judge Richard L. Young ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Christopher Conway

Clerk of Court

form name: **c7_FinalJudgment**   (form ID: **132**)

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

February 10, 2026

**Before**

MICHAEL B. BRENNAN, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CERTIFIED COPY

No. 25-2077

| | |
|---|---|
| CEDRIC E. BRADLEY,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>STATE OF INDIANA, *et al*.<br>    *Defendants-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:25-cv-00024-RLY-CSW<br><br>Richard L. Young,<br>*Judge*. |

**O R D E R**

On consideration of the petition for rehearing and for rehearing en banc, no judge in active service requested a vote on the petition for rehearing en banc[1], and the judges on the original panel voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.

---

[1] Circuit Judge Rebecca Taibleson did not participate in the consideration of this petition for rehearing.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

February 18, 2026

To:  Kristine L. Seufert
UNITED STATES DISTRICT COURT
Southern District of Indiana
304 Federal Building
Evansville, IN 47708-0000

| No. 25-2077 | CEDRIC E. BRADLEY,<br>     Plaintiff - Appellant<br><br>v.<br><br>STATE OF INDIANA, et al.,<br>     Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 3:25-cv-00024-RLY-CSW<br>Southern District of Indiana, Evansville Division<br>District Judge Richard L. Young ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:   No record to be returned

form name: **c7_Mandate**   (form ID: **135**)